GREMILLION, Judge.
| Nlie State of Louisiana has filed seven applications for appellate review of a ruling on five Defendants’ motions to recuse the Honorable J.P. Mauffray, Jr. from presiding over their trials. The five Defendants are those individuals otherwise known as the “Jena Six.”
One of the Defendants in this case is a juvenile, J.R.B.[1] Besides the charges that came out of the “Jena Six” incident, aggravated second degree battery and conspiracy to commit second degree battery, lower court docket number J-3868, the juvenile has two additional matters pending before the trial court, docket numbers J-3855 and J-3856. The juvenile had been adjudicated in these latter two docket numbers and is now looking at a probation revocation proceeding. Accordingly, the State has filed three appeals in his case: JAK08-1428, JAK08-1429, and JAK08-1430. The remaining four Defendants are adults: Robert Bailey, KA08-1431, Carwin Jones, KA08-1432, Bryant Ray Purvis, KA08-1433, and Theodore Shaw, KA08-1434. The two charges pending in the adult Defendants’ cases are the same as the juvenile’s and came out of the same “Jena Six” incident.
*3 All five Defendants filed motions to re-cuse Judge Mauffray. The Honorable Thomas Yeager was appointed ad hoc judge by the supreme court to hear the motions. For the purpose of the motions, one hearing was held on May 30, 2008. Following testimony, Judge Yeager took the matter under advisement and, on July 31, 2008, granted the motions. The State now appeals Judge Yeager’s ruling, asserting that the judge erred in the standard used in determining there was sufficient grounds for a recusal.
|2Because this matter is moot, we will dismiss these appeals without reaching their substance. There are only two facts relevant to our ruling.
First, LaSalle Parish has elected a new judge. This court takes judicial notice of the Louisiana Secretary of State’s “Elected Official Database.” State v. Carpenter, 00-436 (La.App. 3 Cir. 10/18/2000), 772 So.2d 200 and La.Code Evid. art. 201. That publication indicates that: 1) Judge J.P. Mauffray, Jr.’s term of office ended on December 31, 2008; 2) The current judge for Louisiana’s 28th Judicial District is the Honorable J. Christopher Peters; and, 3) Judge Peters’ term of office ends on December 31, 2014.
Second, the “Jena Six” have a new judge. On August 4, 2008, following Judge Yeager’s grant of Defendants’ motions to recuse Judge Mauffray, the Louisiana Supreme Court signed an order, as follows:
Judge Thomas M. Yeager, Division “B”, Ninth Judicial District Court, Parish of Rapides, be and he is hereby assigned as judge ad hoc of the Twenty-Eighth Judicial District Court, Parish of LaSalle, for the purpose of hearing and disposing of the matters entitled “State of Louisiana vs. Theodore R. Shaw” No. 82,017; “State of Louisiana vs. Robert Bailey,” No. 82,014; “State of Louisiana vs. Carwin Jones,” No. 82,015; “State of Louisiana vs. Bryant Ray Purvis,” No. 82,016; and “State of Louisiana In the Interest of [J.R.B.],” No. J-3855, 3856, and 3868 on the docket of said court, subject to the completion of any unfinished business.
Based on the current circumstances, Judge Mauffray will no longer preside over any matter related to the “Jena Six.”[2] Thus, this court’s ruling on whether Judge Mauffray should have been recused is moot. Accordingly, we dismiss these seven [ .¡appeals.
APPEALS DISMISSED.

. Pursuant to Uniform Rules — Courts of Appeal, Rule 5-2, we use initials to protect the identity of the juvenile.

. Defendants point out that Judge Mauffray has suggested the possibility that he could be appointed ad hoc to complete all matters related to the "Jena Six." However, based on the current and standing order issued by the supreme court, Judge Yeager is the ad hoc judge. If the supreme court later rescinds its appoinlment of Judge Yeager, Judge Peters will have jurisdiction unless and until he re-cuses himself or is recused. The possibility of an ad hoc appointment for Judge Mauffray is mere speculation that this court will not consider.